**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KAZMI TRADING CORP,

         Plaintiff,

    v.

LUKOIL NORTH AMERICA LLC,

         Defendant.

Civil Action No. 19-15634 (FLW) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Chief United States District Judge Freda L. Wolfson's April 23, 2020, Order ("Remand Order"), vacating Plaintiff Kazmi Trading Corp.'s ("Kazmi") extension of time to find new counsel and remanding the matter to the undersigned to consider Defendant Lukoil North America LLC's ("Lukoil") opposition. (Remand Order, ECF No. 33.) The Court has carefully considered Kazmi's application (ECF No. 28), Lukoil's opposition (ECF No. 35), and Kazmi's response (ECF No. 40), and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants Kazmi's request for an extension of time through May 1, 2020.

## I.    BACKGROUND

On January 14, 2020, the Court granted Kazmi's then-counsel's motion to withdraw and gave Kazmi thirty days from the entry of that Order to secure new counsel. (Jan. 14, 2020, Order ("Withdrawal Order") 1–2, ECF No. 26.) In that Order, the Court warned that "[i]f, after thirty (30) days . . . no appearance ha[d] been entered on [Kazmi's] behalf, [Kazmi's] Complaint shall be dismissed with prejudice." (*Id.* at 2 (emphasis removed).) On February 13, 2020, Kazmi's principal sent the Court an informal letter, expressing difficulty in obtaining new counsel and requesting another thirty days. (Feb. 13, 2020, Order, ECF No. 27.) The Court granted the

extension, adding that "[n]o further extensions will be granted absent extraordinary circumstances." (*Id.*) On March 17, 2020, four days after the deadline for Kazmi to obtain new counsel, Kazmi sent a second informal letter request, explaining that he was in the process of obtaining new representation and that his efforts were complicated by the spread of coronavirus disease (i.e., "COVID-19"). (Kazmi's Mar. 17, 2020, Letter, ECF No. 28.) Via text order, the Court denied Kazmi's untimely request without prejudice, allowing it "[to] resubmit the request if it also provides a detailed affidavit to the Court outlining all efforts made to date to retain counsel in this case so that the Court can further evaluate the request." (Mar. 17, 2020, Text Order, ECF No. 29.) The Court gave Kazmi until March 20, 2020, to submit the affidavit. (*Id.*) Three days after that deadline, Kazmi submitted an affidavit outlining its efforts to retain counsel. (Kazmi Aff. ¶¶ 3–6, ECF No. 30.) The Court granted Kazmi the extension, allowing it until May 1, 2020, to obtain new counsel and specifying that "[n]o further extensions will be granted." (Mar. 23, 2020, Text Order, ECF No. 31.)

Lukoil appealed the March 23, 2020, Text Order, arguing it was never given the opportunity to respond to Kazmi's requests and that, by operation of the Court's Withdrawal Order, Kazmi's Complaint—which Lukoil further contended was moot—should have been dismissed with prejudice. (Lukoil's Moving Br. 7–10, ECF No. 32-1.) Lukoil's appeal was granted and the March 23, 2020, Text Order was vacated. (Remand Order 1–2.) Kazmi's informal request for an extension of time is now before the Court once again, the question being whether the Court should grant the extension to secure new counsel until May 1, 2020. The Court granted Lukoil until April 29, 2020, to oppose Kazmi's informal request for an extension of time, (Apr. 23, 2020, Text Order, ECF No. 34), which it did, (Lukoil's Opp'n, ECF No. 35).

On May 1, 2020, newly retained counsel entered an appearance on Kazmi's behalf. (Notice of Appearance, ECF No. 36.) The Court gave Kazmi until May 7, 2020, to reply to Lukoil's opposition, (May 2, 2020, Text Order, ECF No. 38), which it also did, (Kazmi's Reply, ECF No. 39).

## II.   <u>PARTIES' POSITIONS</u>

Highlighting that Kazmi had about sixty days to secure new representation prior to the national emergency, Lukoil submits "[t]he question now before the Court is simply whether the showing made in [Kazmi's principal's] March 20 affidavit warrants an after-the-fact extension of the March 13 deadline," which, Lukoil asserts, "will result in a back-from-the-dead resuscitation of this lawsuit." (*Id.* at 5.) Lukoil characterizes Kazmi's affidavit as "[t]he coronavirus ate my homework," contending "the threadbare account" does not satisfy the "reasonable and fact-based" standard contemplated by Standing Order 2020-02. (*Id.* at 5–6 (quoting in part Standing Order 2020-02).) Lukoil further argues that Kazmi's affidavit fails to meet the requirements of the Court's March 17, 2020, Text Order because it only identifies two law firms by name and provides no dates for its alleged communications. (*Id.* at 6–7.) Lukoil asserts that, if the affidavit does outline all efforts, Kazmi's efforts "were woefully inadequate." (*Id.* at 7.) Lukoil emphasizes that the national crisis has put a strain on law firms who are now eager to drum up new business, arguably making Kazmi's ability to find new representation easier than ever. (*Id.*) Lukoil also submits that the issue before the Court is moot, because Kazmi removed the illegal storage container on its property and Lukoil never served it with a new notice of termination. (*Id.* at 2, 7–8.)

Through its newly retained counsel, Kazmi argues that it provided the Court with sufficient reason to grant the extension of time, namely that a number of firms declined because of conflicts of interests. (Resp. 1–2, ECF No. 40.) Highlighting that it was acting *pro se*, Kazmi asks the Court

to excuse its minor delays and its failure to copy opposing counsel. (*Id.* at 1–3 (citing *Riley v. Jeffes*, 777 F.2d 143, 147–48 (3d Cir. 1985)).) Kazmi submits that District Courts are given particular deference in interpreting their own orders and that Lukoil has shown nothing establishing that the Court abused its discretion in granting Kazmi more time to obtain counsel. (*Id.* at 3 (citing *Gibbs v. Frank*, 500 F.3d 202, 206 (3d Cir. 2007); *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 498 (3d Cir. 1982)).)

## III.   DISCUSSION

To begin, the Court recognizes that, when used in a statute, the term "shall" "normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998); *Prometheus Radio Project v. Fed. Commc'ns Comm'n*, 824 F.3d 33, 38 (3d Cir. 2016). Such a reading of the Withdrawal Order, however, critically fails to take in account the limitations on the undersigned's authority. *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine *any pretrial matter* pending before the court . . . .") (emphasis added); *see also N. Jersey Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 125 F.R.D. 96, 98 (D.N.J. 1988) ("Under the Magistrates Act, 28 U.S.C. §§ 631–634, a district judge may assign any pretrial motion to a magistrate which is not dispositive."). While written in mandatory language, the undersigned lacks the constitutional authority to dismiss Kazmi's action and assumed it would be understood that, if Kazmi failed to comply with the Order, the undersigned would commend the matter to the district judge with the recommendation that the case be dismissed with prejudice. In effect, the Withdrawal Order's conditional provision could not ripen into a final order without action by the district judge. *See Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001). Thus, Kazmi's Complaint was never, by operation of the Withdrawal Order or otherwise, dismissed. Further, the Court does not perceive any reason why it would lack the ability to modify an extension of time upon good cause shown before the district judge acted.

Additionally, the Court disagrees the dispute is moot, because Kazmi seeks damages for lost revenue that resulted from Lukoil's alleged unlawful termination of their franchise agreement. (Compl. ¶ 85, ECF No. 1.)

The Court is obligated to liberally construe *pro se* filings, *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011), and, "[a]lthough *pro se* litigants are not allowed to 'disregard court orders and perpetually delay trial proceedings,' courts may grant exceptions when violations may be reasonably excused," *Ruales v. Spencer Sav. Bank*, No. 18-9192, 2019 WL 3416835, at *4 (D.N.J. July 26, 2019) (quoting *Huertas v. U.S. Dep't of Educ.*, No. 08-3959, 2010 WL 2771767, at *5 (D.N.J. 2010)).[1] Kazmi's principal may have missed deadlines set by the Court, but never by more than four days. The Court will not disregard a non-lawyer's letter simply because of a *de minimis* delay and finds Kazmi's delay readily excusable.

In its affidavit, Kazmi's principal states that he "spoke with some law firms over the phone" in March and that one declined to represent Kazmi due to a conflict of interest and two others declined because they were not "able to assist with [the] matter of [the] case." (Kazmi Aff. ¶ 4.) Kazmi's principal identified two other firms that he was communicating with, explaining that COVID-19 prevented an in-person meeting, but that he was still communicating with the firms. (*Id.* ¶ 5.) In all, Kazmi was given just shy of sixty days to obtain new counsel, and indeed did seek representation from, at least, five different law firms. Kazmi's principal claims its efforts were, in part, delayed due to the spread of COVID-19. Though nonessential businesses in New Jersey were not shuttered until March 16, 2020, three days after the deadline, the Court finds Kazmi's efforts

---

[1] Corporations may not be able to appear *pro se*, *Shulman v. Facebook.com (Inc.)*, 788 F. App'x 882, 885 (3d Cir. 2019); 9A Fletcher Cyc. Corp. § 4463, but the Court does not understand that rule as requiring it to disregard a corporation's attempts to secure new counsel or to ignore the fact that Kazmi is acting through its non-lawyer principal to obtain new representation, *see In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) (noting several circuits allow corporations to file a *pro se* notice of appeal if they immediately retain counsel to represent them).

still likely were impacted by the then-escalating situation. Lukoil's position that it would somehow be easier for Kazmi and a law firm to conduct their respective due diligence and secure legal representation in the midst of a global pandemic unseen in over a century is untethered from reality. Moreover, the Court finds Kazmi was diligent in its search and accepts that three of the law firms it consulted declined to represent it. Sixty days for a litigant who suddenly found itself *pro se* is hardly an extraordinary amount of time—and certainly not the outrebounds sufficient to justify denying a litigant the opportunity to pursue their claim on the merits. Accordingly, the Court finds good cause to allow the brief extension to May 1, 2020. In light of the global pandemic, the likelihood that Kazmi was deprived of the full opportunity to obtain counsel to which it was entitled, Kazmi's diligent efforts to obtain new counsel, and the Third Circuit's preference that cases be decided on the merits, the Court finds extraordinary circumstances exist to allow an extension of time to find new counsel through May 1, 2020, and that there is good cause to grant said extension. The Court further finds a factual basis for said extension, namely that three of the law firms Kazmi consulted were unable to represent it and the strong likelihood that Kazmi's efforts were hampered by COVID-19. The Court further finds an extension to May 1, 2020, is reasonable, in recognition of the fact that Kazmi's principal was acting *pro se* and the difficulties faced by both Kazmi's principal and law firms remotely conducting due diligence and negotiations concerning legal representation.

      For the reasons expressed above, and for other good cause shown,

      **IT IS** on this 11th day of May, 2020 **ORDERED** that:

1.    The Court grants Kazmi's request for an extension of time to obtain new counsel through May 1, 2020.

s/ Zahid N. Quraishi
_____
**ZAHID N. QURAISHI**
**UNITED STATES MAGISTRATE JUDGE**
